UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 25-CR-437(DWF/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| JUAN CARLOS RODRIGUEZ ROMERO, | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR ORDER PROHIBITING IMMIGRATION AND CUSTOMS ENFORCEMENT FROM TRANSFERRING DEFENDANT OUTSIDE THE DISTRICT OF MINNESOTA**

Juan Carlos Rodriguez Romero, by counsel Bruce D. Nestor of De León & Nestor, LLC, states as follows:

1. On January 8, 2026, following a detention hearing, United States Magistrate Judge Dulce Foster ordered the pretrial release of Mr. Rodriguez Romero with conditions. (ECF#15).

2. On information and belief, following his release from custody of the United States Marshals, Mr. Rodriguez Romero was detained by Immigration and Customs Enforcement (ICE) as Mr. Rodriguez Romero is in pending removal proceedings before the Executive Office of Immigration Review (EOIR).

3. Mr. Rodriguez Romero seeks an order of this Court requiring ICE, and the Department of Homeland Security (DHS), to detain Mr. Rodriguez Romero within the District of Minnesota and not to remove him from the District of Minnesota without prior notice to the Court and counsel.

4. If Mr. Rodriguez Romero is detained by ICE outside the District of Minnesota, counsel would be unable to meet in person with Rodriguez Romero on a regular basis or potentially at all. Mere telephonic access to his client is not sufficient for counsel to confer with Mr. Rodriguez Romero to review discovery, fully discuss possible defenses, and prepare for any motion hearing or trial in this matter. This is particularly true in this case as the Government's case is built entirely on the statements of ICE officers, without corroborating video or physical evidence, such that the review of those statements and the events leading to the arrest of Mr. Rodriguez Romero is fact-intensive and requires face-to-face meetings with counsel. As such, the removal of Rodriguez Romero from the District of Minnesota would violate his Sixth Amendment right to counsel, his rights under the Bail Reform Act as set forth at 18 USC §3142(i)(3), his rights under the 5th and 8th Amendments, and basic principles of fundamental fairness.

5. The District Court has authority to grant the relief requested by Mr. Rodriguez Romero under the Court's inherent supervisory powers over its processes and those who appear before it. ICE is merely a separate government agency than the Department of Justice, and is still a constituent part of the United States Government which is the charging party in this criminal proceeding. The supervisory powers of the Court include the ability to "to implement a remedy for a violation of recognized rights." United States v. W.R. Grace, 526 F.3d 499, 511 n.9 (9th Cir. 2008). This includes the power to order a federal agency detaining Mr. Rodriguez Romero to not remove him from the District of Minnesota. See, United States v. Trujillo, 900 F.

Supp. 2d 1167, 1181 (District of Oregon, 2012)(ordering return of defendant released under Bail Reform Act and detained by ICE to the District of Oregon).

WHEREFORE, Mr. Rodriguez Romero requests that the Court issue an order prohibiting Immigration and Customs Enforcement from detaining Mr. Rodriguez Romero at a location or facility outside the District of Minnesota and not removing Mr. Rodriguez Romero from the District of Minnesota without prior notice to the Court and counsel.

Dated: January 9, 2026              S/BRUCE D. NESTOR
                                    Bruce D. Nestor, 0318024 – MN
                                    DE LEÓN & NESTOR, LLC
                                    3547 Cedar Avenue South
                                    Minneapolis, MN  55407
                                    (612) 659-9019
                                    (612) 436-3664 – Facsimile
                                    nestor@denestlaw.com