UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 25-CR-497(PAM/ECW)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **MOTION TO SUPPRESS –** |
| | ) | **CUSTODIAL** |
| v. | ) | **INTERROGATION** |
| | ) | **STATEMENTS ON** |
| JUAN CARLOS RODRIGUEZ ROMERO, | ) | **12/21/25** |
| | ) | |
| Defendant. | ) | |

Defendant, Juan Rodriguez Romero, by and through counsel Bruce D. Nestor of De León and Nestor, LLC states as follows in support of his Motion to Suppress:

1. On December 21, 2025, Mr. Rodriguez Romero was detained by federal agents with Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO). Disclosures made by the Government state that Mr. Rodriguez Romero was arrested for "immigration violations and assault of a federal officer [in violation of 18 USC §111(a)]."

2. On December 21, 2025, following his arrest, Mr. Rodriguez Romero was transported by DO Morales to the Whipple Federal Building. In a statement given to Homeland Security Investigation (HSI) agents on December 21, 2025, DO Morales refers to "interviewing" Mr. Rodriguez Romero and statements made by Mr. Rodriguez Romero during transport and/or while being processed at the Whipple Federal Building. Any such statements

1

would have been made in a "police dominated" atmosphere where Mr. Rodriguez Romero was handcuffed, inside an enclosed area of a motor vehicle with a federal agent, or at the Whipple Building which was be used as a detention facility.

3. Any interviewing of Mr. Rodriguez Romero after his arrest, either by DO Morales or other federal law enforcement officers, would constitute "custodial interrogation."

4. Prior to engaging in the custodial interrogation of Mr. Rodriguez Romero, no law enforcement officer read him the *Miranda* warning, or substantial equivalent, as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). Failure to provide the constitutionally mandated *Miranda* warning requires the suppression of all statements made by Mr. Rodriguez Romero in response to custodial interrogation. *United States v. Ollie,* 443 F.3d 1135 (8th Cir. 2006).

5. At the time of his custodial interrogation, Mr. Rodriguez Romero had just been threatened by multiple federal agents, had been shot at by a federal agent, and had been violently arrested after having a federal agent slam a vehicle into the back of Mr. Rodriguez Romero's vehicle. Under these conditions, any statements made by Mr. Rodriguez Romero, particularly in the absence of a *Miranda* warning, were involuntary and should be suppressed. "A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the

defendant's will and critically impair his capacity for self-determination." *Simmons v. Bowersox*, 235 F.3d 1124, 1132 (8th Cir. 2001)

6. This motion is based on the indictment, records and files in the above-entitled action and any and all other matters which may be presented prior to or at the time of the hearing of said motion.

WHEREFORE, Mr. Rodriguez Romero asks that this matter be set for hearing, and that upon hearing, the Court order the suppression of all statements made by Mr. Rodriguez Romero in response to custodial interrogation on December 21, 2025, following his arrest by federal agents.

Date: February 23, 2026                           S/BRUCE D. NESTOR
                                     Bruce D. Nestor, 0318024 – MN
                                     DE LEÓN & NESTOR, LLC
                                     3547 Cedar Avenue South
                                     Minneapolis, MN  55407
                                     (612) 659-9019
                                     (612) 436-3664 – Facsimile
                                     nestor@denestlaw.com

                                     ATTORNEY FOR JUAN RODRIGUEZ ROMERO

3