

**U.S. Department of Justice**

United States Attorney
District of Minnesota

| | |
|---|---|
| *600 United States Courthouse* | *Telephone: (612) 664-5600* |
| *300 South Fourth Street* | *Fax: (612) 664-5787* |
| *Minneapolis, MN 55415* | |

The Honorable Elizabeth Cowan Wright
United States Magistrate Judge
United States District Court
316 N. Robert Street
St. Paul, MN 55101

June 8, 2026

**Re:     *United States v. Juan Carlos Rodriguez Romero*, (25-cr-497)**
**     *Motion for Examination and Disclosure of Government Agent/Witness*
**     *Communications (ECF No. 34)***

Dear Judge Cowan Wright:

The government writes to update the Court on its inquiry into possible discoverable content on certain law enforcement officers' personal cellphones. To date, the government has not reviewed those cellphones, as investigators have encountered certain obstacles to procuring that data.

At the motions hearing held on May 26, 2026, the government appraised the Court of its disclosures of certain data extraction files from law enforcement officers' government-issued cell phones and, upon a motion from the defendant and inquiry from the Court, committed to investigating "whether there is information on agents' *personal* cell phones that should be produced." ECF No. 51 (emphasis added).[1] However, because the officers' personal cellphones are not "within the government's possession, custody, or control," *see* FED. R. CRIM. P. 16(a)(1)(E), to lawfully procure the data from those phones, the government would need either the officers' consent to search their respective personal phones or a warrant authorizing the search. *See Carpenter v. United States*, 585 U.S. 296, 305 (2018) ("Police officers must generally obtain a warrant before searching the contents of a phone."); *see also United States v. Puckett*, 139 F.4th 730, 741-42 (8th Cir. 2025) (analyzing whether a defendant voluntarily consented to law enforcement's search of personal cell phone).

---

[1] The Court Minutes reflect that the Court "ordered" the government to investigate the personal cell phones. *See* ECF No. 51. Here, the government expressly committed to investigating whether the officers' cellphones contain any discoverable information. That said, the government notes that *Brady* "establishes no obligation on the government to seek out evidence" not in its possession or otherwise unknown to the prosecution team. *United States v. Skorniak*, 59 F.3d 750, 756 (8th Cir. 1995); *see also United States v. Baker*, 1 F.3d 596, 598 (7th Cir. 1993) ("Certainly, *Brady* does not require the government to conduct discovery on behalf of the defendant.").

June 8, 2026
Page 2

  The agents' personal phones remain outside the government's possession, custody, or control.  Consequently, the government is unable to review the contents of those phones to determine whether they contain any potentially discoverable information.

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

s/ *Syngen Kanassatega*

BY: SYNGEN KANASSATEGA
   GARRETT S. FIELDS
   Assistant United States Attorneys